IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RON GREEN,

    Plaintiff,

v.

ROSS ISLAND SAND & GRAVEL CO.,

    Defendant.

No. C 13-05431 SI

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; REMANDING ACTION; AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff's motion to remand and for associated attorney's fees is scheduled for a hearing before this Court on January 24, 2014. Pursuant to Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion for remand and DENIES the motion for attorney's fees.

**BACKGROUND**

On October 21, 2013, plaintiff Ron Green filed this complaint in Alameda County Superior Court against defendant Ross Island Sand & Gravel Co. According to plaintiff, while he was employed as a seaman by defendant he suffered severe and permanent injuries to body including his left leg, foot, and ankle when a section of dredge pipe fell on him. Complaint ¶ 13. Plaintiff alleges claims of negligence under the Jones Act, 46 U.S.C. § 30104; unseaworthiness; maintenance, found, and cure; and gross vessel owner negligence. A Jones Act claim is an action "for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001). Unseaworthiness is a general maritime law claim "based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea." *Id.* Claims for maintenance, found, and cure concern "the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship." *Id.*

On November 22, 2013, defendant removed the complaint from state court. Defendant asserts that plaintiff fraudulently pled that he is a seaman within the meaning of the Jones Act, and that as a consequence the Jones Act's bar to removal does not apply in this case. Docket No. 1, ¶ 2. Defendant further claimed that removal of the case was proper under 28 U.S.C. § 1441(a), because the district court had original jurisdiction over the case, and under 28 U.S.C. § 1332(a), as the parties have diversity of citizenship and the amount in controversy exceeds $75,000. *Id.* ¶¶ 3-4.

Plaintiff moves to remand the case to state court, arguing he has properly pled a Jones Act claim, and so his case is not removable as a matter of law. Motion pg. 4. Plaintiff also seeks an award of attorney's fees and costs associated with bringing the motion to remand.

**LEGAL STANDARD**

A suit that is originally filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 552 F.3d 1241, 1244 (9th Cir. 2009). There is a presumption against removal, which mandates "the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

**DISCUSSION**

**I.    Plaintiff's Motion to Remand**

The Jones Act incorporates the general provisions of the Federal Employers' Liability Act, including 28 U.S.C. § 1445(a), which bars removal. *See Lewis*, 531 U.S. at 441. The parties agree that a properly pled Jones Act claim cannot be removed to federal court, but disagree as to what the Court may consider to evaluate the propriety of the claim. Plaintiff asserts that on a motion to remand, the Court is limited to a review of the plaintiff's pleadings to determine whether a Jones Act claim was properly alleged. Motion pg. 7. Defendant urges the Court to look beyond the pleadings and conduct a "summary judgment-like procedure" to determine whether plaintiff fraudulently pled his Jones Act claims. Opposition pg. 6. Here, defendant argues that plaintiff spent an insufficient amount of his work

2

time aboard the barge, and does not have a substantial connection to a vessel as required to prove his seaman status. *Id*. pgs. 7-8.

Defendant relies primarily on out-of-Circuit cases holding that a plaintiff's allegation of a Jones Act claim will not prevent removal if it is "fraudulent," and that a district court may look beyond the pleadings –indeed, "pierce" the pleadings – to determine whether the plaintiff fraudulently pled his claim. *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006) ("The district court may use a 'summary judgment-like procedure' to determine whether the plaintiff has fraudulently pleaded a Jones Act claim."); *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 345 (5th Cir. 1999); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) ("[W]hile federal courts ordinarily look only to the plaintiffs' pleadings in determining whether a Jones Act claim has been stated, defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal."). The out-of-Circuit cases defendant relies on reason that a district court may deny remand of a Jones Act claim where "resolving all disputed facts and ambiguities in current substantive law in the plaintiff's favor, the court determines that the plaintiff has no reasonable possibility of establishing a Jones Act claim on the merits." *Hufnagel*, 182 F.3d at 345-46. These cases apparently envision courts making extensive factual findings and legal assessments, likely outcome-dispositive ones, to decide the first motion in the case, before any discovery has been allowed to proceed.

This Court has found no Ninth Circuit cases directing district courts to conduct a "summary judgment-like procedure" and look beyond the plaintiff's pleadings to make its determination on a motion to remand. The Ninth Circuit has never held that the procedure described by the Fifth Circuit is the appropriate method for the resolution of a motion to remand a Jones Act claim. Since the determination of "seaman status" – which defendant contests here – is a fact-intensive question, generally left to juries, it seems particularly inappropriate to decide in a remand motion.[1]

---

[1] In an unreported case, one judge in this district adopted the Fifth Circuit's approach and looked beyond the plaintiff's pleadings to discern whether a Jones Act claim was fraudulently pled in the context of a remand motion. *See Creps v. Truco Marine, LLC*, 2011 WL 5577083, No. C-11-01751 (N.D. Cal. Nov. 8, 2011). In that case, defendant disputed its employment relationship with plaintiff, a factual circumstance less complex than the challenge to plaintiff's seaman status raised in the present case.

3

Here, defendant argues that plaintiff is not a "seaman" because he lacks the substantial connection to the barge required to prove seaman status, claiming that plaintiff had entirely land-based job duties and spent only 8.7% of his employment time aboard vessels. Opposition pgs. 7-8. Plaintiff responds that plaintiff worked for defendant from 2001 until his accident in November of 2010, performing various jobs on various of defendant's vessels during that period, and argues that "In evaluating the employment-related connection of a maritime worker to a vessel in navigation, courts should not employ a snapshot test for seaman status, inspecting only the situation as it exists at the instant of injury; a more enduring relationship is contemplated in the jurisprudence. Thus, a worker may not oscillate back and forth between Jones Act coverage and other remedies depending on the activity in which the worker was engaged while injured," citing *Chandris, Inc. v. Latsis*, 515 U.S. 347, 363 (1995).[2] In addition, plaintiff asserts objections to various of the affidavits submitted by defendant in support of its factual claims.

Determination of plaintiff's seaman status is a fact-rich assessment not appropriate for resolution at the pleadings stage. *See McDermott Intern., Inc. v. Wilander*, 498 U.S. 337, 355 (1991) ("We have said that seaman status under the Jones Act is a question of fact for the jury."); *see also Martinez v. Signature Seafoods Inc.*, 303 F.3d 1132, 1134 (9th Cir. 2002). The Ninth Circuit has not directed district courts to look beyond plaintiff's pleadings on a motion to remand, and this Court will not do so here. "A tort claim under the Jones Act is properly plead if it contains allegations that the injured person is a seaman who was acting within the scope of his employment when he was injured." *Rodriguez v. Flota Mercante Grancolombiana, S.A.*, 703 F.2d 1069, 1072 (9th Cir. 1983). Plaintiff's complaint alleges that he was injured as the result of defendant's negligence while performing within the scope of his employment as a seaman. Complaint ¶¶ 7, 8, 11, 13. Plaintiff specifically alleges that

---

[2] The Supreme Court in *Chandris* recognized the complexity of this area, and its own contributions to that complexity: "Since the 1950's, this Court largely has left definition of the Jones Act's scope to the lower courts. Unfortunately, as a result, '[t]he perils of the sea, which mariners suffer and shipowners insure against, have met their match in the perils of judicial review.' Gilmore & Black, supra, § 6–1, at 272. Or, as one court paraphrased Diderot in reference to this body of law: 'We have made a labyrinth and got lost in it. We must find our way out.' *Johnson v. John F. Beasley Constr. Co.*, 742 F.2d 1054, 1060 (7th Cir. 1984), *cert. denied*, 469 U.S. 1211 (1985); *see* 9 Oeuvres Completes de Diderot, 203 (J. Assézat ed. 1875)." *Chandris,* 515 U.S. at 356. This Court finds it prudent to have labyrinthian issues resolved on a fuller record than is present here; whether this is apodictic the Court does not determine.

4

defendants "employed Plaintiff as a seaman" within the meaning of the Jones Act. *Id*. ¶¶ 7, 11. He further claims that while he was employed as a seaman, he was injured due to the "gross negligence, willful, wanton, and reckless indifference" of defendants. *Id*. ¶¶ 12. These allegations suffice to state a Jones Act claim. On the face of plaintiff's complaint, his Jones Act claim was properly pled and is therefore not removable to federal court.

Defendant offers a second argument, that removal of the case is proper under 28 U.S.C. § 1441(a), reasoning that pursuant to 28 U.S.C. § 1333, the district court has original jurisdiction over all maritime claims. Defendant seems to suggest that plaintiff's Jones Act claim may be removed because plaintiff also pled maritime claims, which are within the original jurisdiction of the federal courts. Opposition pgs. 3-4, 8. However, plaintiff's maritime claims are duplicative of his Jones Act claim; they are not "separate and independent" claims that may be removed pursuant to § 1441(c). *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). Furthermore, 28 U.S.C. § 1441(c)(2) requires a district court to remand any claims that have "been made nonremovable by statute." Consequently, a Jones Act claim– even when joined with a "separate and independent" claim– must be severed and remanded to state court. 28 U.S.C. § 1441(c)(1)(B)-(c)(2); Wright & Miller, et al., 14A Fed. Prac. & Proc. Juris. § 3674 (4th ed.). Defendant's argument fails.

Finally, defendant insists that removal of plaintiff's case is proper under diversity of citizenship, as Ross Island is not a citizen of California – plaintiff's state of citizenship – and the amount in controversy exceeds $75,000. Opposition pg. 4. This argument must also fail, because the Supreme Court has explicitly stated that "even in the event of diversity of the parties," a Jones Act claim cannot be removed to federal court. *Lewis*, 531 U.S. at 455.

Accordingly, the Court GRANTS plaintiff's motion to remand.

## II.   **Plaintiff's Motion for Attorneys' Fees**

Plaintiff seeks an award of attorneys' fees and costs incurred in moving for remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under

5

§ 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The district court has broad discretion in making its determination. *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003) ("An award of fees and costs associated with removal or remand under 28 U.S.C. § 1447(c) is reviewed for an abuse of discretion."). The Court finds that defendant had an objectively reasonable basis for seeking removal and did so in good faith. The Court therefore DENIES the plaintiff's motion for fees.

## CONCLUSION

Plaintiff's complaint clearly pled a Jones Act claim, which is not removable from state court. Defendant improperly removed this case, and the Court GRANTS plaintiff's motion for remand and REMANDS this action to the Alameda County Superior Court where it was filed. The Court DENIES plaintiff's motion for attorney's fees.

**IT IS SO ORDERED.**

Dated: January 23, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE