IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RON GREEN,

    Plaintiff,

v.

ROSS ISLAND SAND & GRAVEL CO.,

    Defendant.

No. C 13-05431 SI

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION TO RECONSIDER**

On January 17, 2014, this Court granted plaintiff Ron Green's motion to remand and ordered the case be remanded back to state court. Docket No. 18. The same day, defendant Ross Island Sand & Gravel, Co. filed a motion for leave to file a motion for reconsideration. Docket No. 20. Defendant asks the Court to reverse its order to remand, arguing that to resolve the issue of removability, the court must inquire into plaintiff's seaman status and determine whether the plaintiff fraudulently filed his Jones Act claim. *Id*.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Local Rule 7-9 requires that parties request leave of the court to file a motion

for reconsideration. Movants are prohibited from repeating any argument made previously, and must show a material difference or an intervening change in the facts or the law, or a manifest failure by the court to consider dispositive facts or legal arguments. L.R. 7-9.

In the prior order granting plaintiff's motion to remand, this Court held that no controlling Ninth Circuit precedent directs district courts to utilize a targeted summary judgment-like procedure to determine the removability of every Jones Act case. Further, for reasons articulated in the order, this Court determined that this case involves factual analyses and contested factual assertions, not reasonably susceptible to pre-discovery summary judgment proceedings. Defendant has not shown an intervening change in the facts or the law that requires a district court to conduct this inquiry. Nor has defendant shown a manifest failure of the Court to consider legal arguments. For the reasons enunciated in the prior order, the Court concluded the summary judgment-like procedure is inappropriate here and declined to proceed with defendant's recommended approach. There is no need to reconsider.

**IT IS SO ORDERED.**

Dated: January 27, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE